Filed 3/4/26  P. v. London CA3
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C099987 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF99-0000381) |
| v. | OPINION ON TRANSFER |
| MICHAEL EUGENE LONDON, | |
| Defendant and Appellant. | |

Defendant Michael Eugene London was originally sentenced in June 2000.  His sentence included an indeterminate term of 25 years to life in prison pursuant to the three strikes statutory scheme then in place, and five prior prison term enhancements imposed under Penal Code section 667.5, subdivision (b).[1]  The Legislature recently limited the circumstances in which these enhancements apply, and defendant was resentenced

---

[1]  Further undesignated statutory references are to the Penal Code.

1

pursuant to section 1172.75 (described in more detail, *post*) in November 2023. Defendant appeals from his resentencing.

He argues he is entitled to a new resentencing because the trial court failed to apply relevant provisions of the Three Strikes Reform Act of 2012 (Reform Act or Act) (Prop. 36, as approved by voters, Gen. Elec. (Nov. 6, 2012)) to reduce his sentence beyond merely striking the section 667.5, subdivision (b) enhancements.

On November 21, 2025, a divided panel of this court issued an unpublished opinion rejecting defendant's claim and affirming the judgment.

Defendant petitioned for review; our Supreme Court granted review and deferred the matter pending consideration and disposition of a related issue in *People v. Superior Court (Guevara)* 18 Cal.5th 838 (*Guevara*).

On December 17, 2025, the Supreme Court transferred the matter back to us with directions to vacate our decision and reconsider the cause in light of *Guevara*. We vacated our earlier decision on December 22, 2025. We now vacate defendant's sentence and remand the matter for a full resentencing.

BACKGROUND

"On May 24, 2000, a jury found defendant guilty of being a felon in possession of a firearm (former § 12021, subd. (a)(1), renumbered § 29800, subd. (a)(1)) and being a felon in possession of ammunition (§ 12316, subd. (b)(1), renumbered § 30305, subd. (a)(1)). The trial court found true allegations that defendant had two prior serious felony convictions (§§ 667, subds. (d), (e); 1170.12, subds. (b), (c)) and had served five prior prison terms (§ 667.5, subd. (b)). The court sentenced defendant to a prison term of 25 years to life, plus five years for the prior prison term counts.

"On May 29, 2013, defendant filed a petition to recall his sentence under the Act. The trial court denied the petition, ruling defendant's conviction for possessing a firearm rendered him ineligible for resentencing." (*People v. London* (July 26, 2016, C074615) [nonpub. opn.] (*London I*).) Defendant appealed from the order denying his petition and

2

in 2016, this court concluded there was sufficient evidence in the record to demonstrate defendant was armed during the commission of the relevant offense "for purposes of the Act." (*Ibid*.) We thus agreed with the trial court that defendant was "ineligible to have his sentence recalled." (*Ibid*.)

In 2022, in response to the enactment of section 1172.75, the California Department of Corrections and Rehabilitation identified defendant as an inmate serving a sentence that included prior prison term enhancements. The trial court vacated defendant's five prior prison term enhancements, reducing his sentence accordingly, but declined to consider any other changes to the sentence.

In November 2023, defendant filed a petition for resentencing pursuant to 1172.75, arguing he was entitled to a full resentencing, including imposing the low term and striking one of the prior strike enhancements. The prosecutor opposed the petition, arguing there were numerous aggravating factors to support the upper term and that striking a prior strike would endanger public safety.

At resentencing, the trial court acknowledged defendant was entitled to a full resentencing. Defendant agreed the issue presented was "whether the Court is going to strike one of the strikes and sentence him with a felony one strike." In support of his claim, he conceded the court previously denied a petition to reduce his sentence under the Reform Act but argued "[t]here was a dangerousness aspect to the resentencing back then. The Court did not feel that he met the standard of not being dangerous, and that's the reason it was denied. There is not that restriction here on resentencing. The dangerousness is not an issue. Even if it was, I don't believe he is dangerous."

In response, the prosecutor argued that if the trial court were to strike a prior strike, defendant's sentence would change to determinate and "make him an immediate risk to public safety because he has not shown himself to be rehabilitated before now." The court ruled: "I don't believe it would be safe to release [defendant]." "So I think

3

that there would be a danger to the public if I exercised my discretion to strike a strike." The court let stand defendant's three strike sentence of 25 years to life in prison.

Defendant timely appealed.

DISCUSSION

I

*Application of Section 1172.75 and the Three Strikes Reform Act*

A. *Three Strikes and The Reform Act*

"Under the 'Three Strikes' law as originally enacted in 1994, an individual convicted of any felony offense following two prior convictions for serious or violent felonies was subject to an indeterminate term of life imprisonment with a minimum term of no less than 25 years." (*People v. Conley* (2016) 63 Cal.4th 646, 651.) The Reform Act lessened the prescribed sentence for a third strike defendant whose current offense is not a serious or violent felony. (*Id*. at p. 652.) "A defendant does not qualify for this ameliorative change . . . if his current offense is a controlled substance charge involving large quantities ([§ 1170.12], subd. (c)(2)(C)(i)), one of various enumerated sex offenses (*id*., subd. (c)(2)(C)(ii)), or one in which he used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury (*id*., subd. (c)(2)(C)(iii)). The ameliorative provisions of the Reform Act also do not apply in cases in which the defendant was previously convicted of certain enumerated offenses, including those involving sexual violence, child sexual abuse, homicide or attempted homicide, solicitation to commit murder, assault with a machine gun on a peace officer or firefighter, possession of a weapon of mass destruction, or any serious or violent felony punishable by life imprisonment or death. (§ 1170.12, subd. (c)(2)(C)(iv)(I)-(VIII).) The Act provides that these disqualifying factors must be pleaded and proved by the prosecution. (§ 1170.12, subd. (c)(2)(C).)

"In the Reform Act, the voters also established a procedure for 'persons presently serving an indeterminate term of imprisonment' under the prior version of the Three

4

Strikes law to seek resentencing under the Reform Act's revised penalty structure. ([]§ 1170.126, subd. (a).) Under section 1170.126, 'within two years after the effective date of the act . . . or at a later date upon a showing of good cause,' such persons [could] file a petition for a recall of sentence before the trial court that entered the judgment of conviction. (*Id.*, subd. (b).) If the petitioner would have qualified for a shorter sentence under the Reform Act version of the law, taking into consideration the disqualifying factors (§ 1170.126, subds. (e), (f)), section 1170.126 provides that he 'shall be resentenced pursuant to [the Reform Act] unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety' (*id.*, subd. (f)). In exercising this discretion, the court may consider the defendant's criminal conviction history, the defendant's disciplinary record and record of rehabilitation while incarcerated, and '[a]ny other evidence the court . . . determines to be relevant.' (*Id.*, subd. (g).)" (*People v. Conley*, *supra*, 63 Cal.4th at p. 653.)

B. *Section 1172.75 and Prior Prison Terms*

Subdivision (a) of section 1172.75 provides: "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid."

Section 1172.75 creates a mechanism for resentencing individuals whose convictions are already final. First, the Secretary of the Department of Corrections and Rehabilitation notifies the sentencing court of a person in its custody who is serving a prison term that includes an enhancement described in subdivision (a). (§ 1172.75, subd. (b).) The trial court then reviews the judgment and, if it determines the judgment includes an enhancement described in subdivision (a), "the court shall recall the sentence and resentence the defendant." (*Id.*, subd. (c).) The statute sets forth four parameters for resentencing. (*Id.*, subd. (d).) First, the resentencing "shall result in a lesser sentence than the one originally imposed . . . unless the court finds by clear and convincing

evidence that imposing a lesser sentence would endanger public safety.  Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed." (*Id*., subd. (d)(1).)  Second, "[t]he court shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (*Id*., subd. (d)(2).)  Third, the court may take into consideration postconviction factors. (*Id*., subd. (d)(3).)  Fourth, "[u]nless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (*Id*., subd. (d)(4).)  Section 1172.75 also requires the appointment of counsel and provides that the parties may waive a resentencing hearing. (*Id*., subds. (d)(5), (e).)

  C. *Analysis*

  Defendant argues the trial court erred in resentencing him to an indeterminate life term because the court was required to apply the current penalty provisions set forth in the Reform Act.  Under the Reform Act, he argues, the court was required to sentence him "as a one strike defendant" because his conviction for being a felon in possession is no longer a strike offense. *Guevara* is directly on point to the instant case.

  In *Guevara*, as here, the trial court recalled the defendant's sentence under section 1172.75 but "resentenced him on his third strike offense according to current law to a determinate term of eight years." (*Guevara*, *supra*, 18 Cal.5th at p. 850.)  Our Supreme Court granted review to consider whether, by permitting recall and resentencing of indeterminate third strike sentences, section 1172.75 unconstitutionally amends section 1170.126. (*Guevara*, at p. 850.)  The Court held that, "as a matter of constitutional avoidance, section 1172.75 incorporates section 1170.126's discretionary public safety

6

override as a condition for nonserious, nonviolent third strike offenders to obtain resentencing under the revised penalty provisions of the Reform Act." (*Ibid.*) The court remanded to the Court of Appeal with instructions to remand the case to the trial court to determine whether sentencing defendant under the revised penalty provisions of the Reform Act would " 'pose an unreasonable risk of danger to public safety.' " (*Id.* at p. 878.) If it so determined, the superior court was to reimpose the indeterminate term. (*Ibid.*) "If the superior court does not determine that resentencing [defendant] would 'pose an unreasonable risk of danger to public safety,' and [defendant] is otherwise eligible under the Reform Act, the court shall resentence [defendant] pursuant to the revised penalty provisions of the Reform Act." (*Ibid.*)

Although the trial court in this case did purport to consider defendant's dangerousness and exercise discretion in declining to strike any of his strikes, the court did not apply the precise test articulated in *Guevara*, with the requisite presumption of resentencing under the Reform Act and requirement that any risk be *unreasonable*. Thus, we must remand for the trial court to conduct a new and full resentencing hearing consistent with *Guevara.*

## II

### *Abstract of Judgment*

The current abstract of judgment continues to list the five stricken prison priors; it must be amended to omit the stricken enhancements. Further, although the abstract lists the updated (actual) custody credits as "other orders," the area specifically reserved for listing custody credits does not appear to be properly updated. These errors should be corrected by the trial court on remand.

### DISPOSITION

Defendant's sentence is vacated, and the case remanded to the trial court for a full resentencing. The court is directed to reconsider defendant's sentence under section 1172.75 and *Guevara*, *supra*, 18 Cal.5th 838, as well as to consider any other changes in

7

sentencing law that apply to defendant at the time of his resentencing and are raised by the parties. The court is further directed to correct the areas of the abstract of judgment related to enhancements and custody credit and to provide a certified copy of the amended abstract to the Department of Corrections and Rehabilitation after defendant's resentencing.

                                                                         /s/
                                                                    Duarte, Acting P. J.

We concur:


_____/s/_____
Renner, J.


_____/s/_____
Mesiwala, J.

8